IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOEL EXINIA | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B:08-112 |
| | § | CRIMINAL NO. B:05-83-1 |
| UNITED STATES OF AMERICA | § | |
|     Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Magistrate Judge is Noel Exinia's ("Exinia") Motion for Disclosure of Grand Jury Materials, Dkt. No. 72.  Exinia seeks the disclosure of grand jury materials to aid him in pursuing a new 28 U.S.C. § 2255 petition. Dkt. No. 72.  Because the motion is part of an unauthorized successive § 2255 petition, the Court lacks jurisdiction to grant Exinia's request.  Further, if jurisdiction otherwise existed to consider Exinia's request, the petition is time-barred.  Finally, even if the motion was properly before the Court, the requested relief is not merited by the facts.  Accordingly, the Court recommends that the motion be dismissed.

I.      Background

    A.  Original Trial

On January 26, 2005, Exinia was indicted for conspiring to distribute more than 100 kilograms of marihuana and more than five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841. United States v. Exinia, Criminal No. 1:05-83-1, Dkt. No. 1 [hereinafter CR]. On July 26, 2005, Exinia was charged with two counts in a Superseding Indictment.  CR, Dkt. No. 91.  Count One charged Exinia with conspiring to distribute more than 100 kilograms of marihuana and more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841. Id.  Count Two charged Exinia with possessing with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Id.

After four days of jury trial, Exinia pled guilty to Count One in exchange for the dismissal of Count Two, a two-point reduction for acceptance of responsibility, and an agreement by the Government not to prosecute Exinia for other crimes he was known to have committed. Exinia v. U.S., Civil Action No. B:08-112, Dkt. No. 44, at 2 [hereinafter CV1]. On March 28, 2006, Exinia was sentenced to 600 months imprisonment, five years of supervised release, and a $100.00 special assessment for the offense of conspiracy to possess with the intent to distribute a controlled substance exceeding 100 kilograms of marihuana and exceeding five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841. CV1, Dkt. No. 1, at 1; CR, Dkt. No. 197 (sentencing Exinia for Count One and dismissing Count Two).

Exinia filed a direct appeal attacking his conviction and sentence. He alleged: (1) the District Court erred in approving self-representation on the morning of trial; (2) the District Court erred in accepting Exinia's guilty plea with only the assistance of standby counsel; (3) Exinia was denied time to retain alternative counsel; (4) Exinia's motion to withdraw his guilty plea was improperly denied; (5) the District Court erred in overruling Exinia's objections to the Pre-Sentence Investigation Report; and (6) the District Court erred in requiring the use of a "stun belt." CV1, Dkt. No. 1, at 2. See also CR, Dkt. No. 266, at 1-2.

On June 28, 2007, the Fifth Circuit dismissed the appeal, concluding that, "[b]ecause Exinia's plea agreement waiving the right to appeal was knowing, voluntary, and enforceable, any appeal in contravention of the waiver provision should be dismissed." CR, Dkt. No. 266, at 4.

**B. First Habeas Petition**

On April 9, 2008, Exinia filed his first Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. CV1, Dkt. No. 1. Exinia challenged his guilty plea and sentence and claimed ineffective assistance of trial counsel and appellate counsel. CV1, Dkt. No. 1. The Magistrate Judge concluded that Exinia waived his appellate rights; that he did not receive ineffective assistance of trial counsel; the voluntariness of his guilty plea was foreclosed by the Fifth Circuit's ruling on direct appeal; and that his claims concerning appellate counsel fell within his waiver of appellate rights. CV1, Dkt. No. 57.  On January

13, 2010, the Magistrate Judge recommended dismissal of Exinia's claims and that a certificate of appealability be denied. Id.  On February 17, 2010, the District Court adopted the Magistrate Judge's recommendations. CV1, Dkt. No. 61.  It appears that Exinia did not appeal that decision.

### C. Second Habeas Petition

While the first petition was pending, Exinia filed another § 2255 petition on May 26, 2009 .  On that occasion, he filed in the Houston Division of the Southern District of Texas. Exinia v. Davis, Civil No. 4:09-1598, Dkt. No. 1. [hereinafter CV2].  On June 2, 2009, the District Court dismissed Exinia's petition.  The District Court concluded that Exinia's petitition was a successive § 2255 petition.  Such petitions require the approval of the Fifth Circuit before they can be filed and Exinia had not obtained that permission. CV2, Dkt. No. 3.

### D. Third Habeas Petition

On March 23, 2010, Exinia filed a third habeas petition, attacking his conviction "in light of newly discovered evidence." Exinia v. United States, Civil No. B-10-67, Dkt. No. 1 [hereinafter CV3].  On April 15, 2010, the Magistrate Judge recommended dismissal of Exinia's petition because it was another successive petition that had not been authorized by the Fifth Circuit. CV3, Dkt. No. 4.  On April 29, 2010, Exinia filed a motion in the Fifth Circuit, seeking authorization to file a successive habeas corpus petition. In Re: Exinia, case no. 10-40399 (5th Cir. 2010).  On May 14, 2010, the District Court adopted the Magistrate Judge's recommendation that the petition be dismissed. CV3, Dkt. No. 10.  On July 7, 2010, the Fifth Circuit denied Exinia's motion to file a successive habeas petition. In Re: Exinia.

### E. Current Filing

On October 8, 2010, Exinia filed the instant motion for disclosure of grand jury materials. Exinia v. United States, CV 1, Dkt. No. 72.  Exinia seeks the grand jury transcripts as part of his attempt to re-open proceedings relating to his federal habeas petition.  Exinia alleges that the grand jury proceedings are "sine qu[a] non" to his argument that Iqbal v. Ashcroft, __U.S.__, 129 S.Ct. 1937 (2009), mandates re-opening his 28 U.S.C. § 2255 cases.

Id.

On October 26, 2010, the Government responded to Exinia's motion. CV1, Dkt. No. 76. The Government asserted that the Court lacks jurisdiction to proceed on another habeas petition; that Exinia's motion is time-barred; and, that Exinia has not met the requirements for release of grand jury proceedings. Id.

On November 9, 2010, Exinia replied to the Government's response. Dkt. No. 77. Exinia claimed that he needs the grand jury materials to review the testimony and compare it with the resulting indictments. Id. Furthermore, Exinia alleged that he had met the standards for release of the grand jury materials.

## II.    Applicable Standards

### A.  28 U.S.C. § 2255

As relevant here, 28 U.S.C. § 2255 provides:

(a)  A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id.

A second or successive petition under § 2255 must be certified by "a panel of the appropriate court of appeals" to contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

If the petitioner files a second or successive habeas corpus petition in the district court without the prior authorization of the court of appeals, the district court lacks jurisdiction to

consider the matter. U.S. v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

### B.  Grand Jury Proceedings

Grand jury secrecy, is "as important for the protection of the innocent as for the pursuit of the guilty." U.S. v. Sells Engineering, 463 U.S. 418, 425 (1983).  A party seeking disclosure must show a "particularized need." Id.  The petitioner "must demonstrate that (1) the material he seeks is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) his request is structured to cover only material so needed." U.S. v. Miramontez, 995 F.2d 56, 59 (5th Cir. 1993).  This showing of need "'must be made even when the grand jury whose transcripts are sought has concluded its operations.'" Id. (Quoting Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 221-22 (1979)).

## III. Analysis

Exinia's motion fails because this Court lacks jurisdiction to adjudicate it, the motion is time-barred, and because the motion lacks substantive merit. Each of these points is addressed, in turn.

### A. Jurisdiction

Exinia has made it clear that he is requesting the grand jury transcripts in order to "prepar[e] a post-conviction pleading for filing with this court seeking the reopening of the closed 2255 proceedings in this matter." Dkt. No. 72. Given that purpose, in the absence of Fifth Circuit authorization, this Court lacks jurisdiction to consider the motion.

The Anti-Terrorism and Effective Death Penalty Act requires a prisoner to obtain authorization from the appropriate federal circuit court of appeals before filing a "second or successive" petition for relief  in federal district court. 28 U.S.C. § 2444(b)(3); U.S. v. Rich, 141 F.3d 550 (5th Cir. 1998); Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999)  If the petitioner fails to obtain this authorization, the district court lacks the jurisdiction to consider the case. Key, 205 F.3d at 774.  This jurisdictional bar extends to motions that are logically connected to the filing of a successive habeas petition. Id. at 774-75 (concluding that the district court lacked jurisdiction to hear a motion for appointment of counsel for a successive

habeas petition).  If a prisoner files a second or successive habeas petition in the district court without the authorization of the appellate court, "it would be immediately dismissed for lack of jurisdiction." Id.

Exinia's motion, by its own terms, is clearly related to a successive habeas petition. There is no evidence in the record that the Fifth Circuit has authorized any new claims by Exinia.  The instant motion for grand jury transcripts "should have been brought in [the Fifth Circuit] as part of [a] § 2244(b)(3) petition for authorization to file a successive habeas petition in the district court." Key, 205 F.3d at 774.  Exinia has neither sought, nor received, authorization to file a successive habeas petition.  In the absence of such authorization, this Court lacks jurisdiction to consider the motion and it should be dismissed.

**B. Time-Barred**

Exinia cites the Supreme Court's decision in Iqbal v. Ashcroft, supra, to support his claim that he is entitled to re-open his § 2255 case and that, as a result, he is entitled to the grand jury transcripts.  If a § 2255 petition is based upon newly recognized rights announced by the Supreme Court, the petition must be filed within a year of the decision announcing those rights. 28 U.S.C. 2255(f)(3).  Iqbal was decided on May 18, 2009.  Iqbal, 129 S.Ct. at 1937.  Exinia did not file the current motion until October 8, 2010.[1]  Thus, even assuming Iqbal is somehow relevant or applicable to Exinia's successive § 2255 petition, which on its face does not appear to be the case, Exinia's claim would be time-barred.

**C. Merits**

Further, even if jurisdiction existed to consider Exinia's motion, and the petition was not otherwise time-barred, he has failed to satisfy the requirements for release of the grand jury transcripts.  Exinia does not have a right to the transcripts. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399-401 (1959).  Instead, he must demonstrate a particularized need to receive them. Miramontez, 995 F.2d at 59.  He has failed to do so.

---

[1] Assuming, for purposes of discussion, that equitable tolling could extend the filing period, Exinia has not shown the required "diligence or extraordinary circumstances" to merit such tolling. Scott v. U.S., __ F.Supp.2d __, 2010 WL 3659478 (S.D. Fla. 2010) (collecting cases).

Exinia alleges that the transcripts are necessary to "review all testimony given at the grand jury proceedings for comparison with the resulting indictments." Dkt. No. 77 at 5. Exinia does not allege any specific wrongdoing that actually occurred, or that he suspects occurred. Instead, his request is a mere fishing expedition, which does not support a release of the requested transcripts.

Exinia further claims that he needs the transcripts to avoid the injustices that he may have suffered, as a result of self-representation. Dkt. No. 77 at 5 ("Defendant would point out that there exists a strong probability that many of the previous [§ 2255] motions filed were ultimately denied based at least in part on the fact the Defendant was proceeding in pro se and is not well versed in the law.).[2]  Beyond an unsupported general claim of "probability," Exinia has failed to allege, let alone show, a need for the grand jury transcripts to avoid an injustice.

The need asserted by Exinia is further undercut by the fact that, "by pleading guilty [he] has waived all nonjurisdictional defects in the grand jury proceedings." Miramontez, 995 F.2d at 60. Exinia has not alleged any errors – jurisdictional or otherwise. Instead, he simply wants to compare the grand jury proceedings against the indictment. Such a review may be any number of things, but it is not an allegation of error. Thus, no particularized need has been shown and no error or injustice has been alleged. Given this failure, the secrecy afforded the grand jury should not be disturbed.

Finally, Exinia has not tailored his request in any fashion. Indeed, it is plainly a blanket request.

Thus, even if jurisdiction existed to grant the relief he requests; or the claim was not

---

[2]  Exinia's belief as to the effect of his pros se representation is not supported by the record. Reviewing the earlier decisions in his case, it seems clear that his repeated lack of success had little to do with his pro se status. Indeed, his pro se status required the Court to afford Exinia the benefit of the doubt as to his petition. If Exinia had been represented by counsel, that would not necessarily have been the case. Haines v. Kerner, 404 U.S. 519, 520 (1972) (Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law.).

otherwise time-barred; Exinia's claim fails on its merits. Miramontez, 995 F.2d at 59.

## III.   Recommendation

WHEREFORE it is **RECOMMENDED** that Petitioner Noel Exinia's Motion for Disclosure of Grand Jury Materials be **DISMISSED for lack of jurisdiction**.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit.  28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his or her constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Exinia's motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Exinia's motion raises an issue that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B.  Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge.  28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking

on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice.  See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    DONE at Brownsville, Texas, on January13, 2011.

                                    Ronald G. Morgan
                                    United States Magistrate Judge

9